## Stearns v. Targe

*Michael R. Bradley*, for plaintiffs.
*Melvin G. Levy*, for defendants.

CATANIA, J., June 18, 1964.—This action was commenced by a complaint in assumpsit brought against defendants, Mark M. Targe, and Mainard Incorporated, trading as Bazaar of All Nations. The action is based upon two contracts, one written and one oral. The written contract was entered into by the parties on October 13, 1961, and required plaintiffs and their two children to remain in a fallout shelter, located on the premises of the Bazaar of All Nations store in Clifton Heights, Delaware County, Pa., for a period of seven complete days. Upon completion of their stay in the fallout shelter, plaintiffs were to receive $100 in cash and approximately $1,000 in merchandise.

Plaintiffs also allege that subsequent to the signing of the written contract, defendant, Mainard Incorporated, by its agent, Mark M. Targe, orally promised plaintiffs, in addition to the merchandise stated in the written contract, $500 in cash and approximately $4,000 worth of merchandise in exchange for radio and television interviews to be conducted during the time plaintiffs and their family remained in the shelter.

To the amended complaint, defendants have filed preliminary objections in the nature of a demurrer for the reasons that the amended complaint fails to set forth a cause of action against defendants in that no

valid consideration is set forth to support the alleged oral contract, and second, because the amended complaint fails to set forth a cause of action against defendant, Mark M. Targe, who acted as agent for a disclosed principal, and that no liability can be imposed on such an agent.

In support of their first objection, the defendants argue that by virtue of a pre-existing, written contract between the parties, the plaintiffs were already legally bound to give radio and television interviews and, therefore, the alleged oral agreement between the parties was without consideration.

We must first decide whether or not under the written contract between the parties the plaintiffs were required to give radio and television interviews. This is necessary for the law is clear that "a promise to do what the promisor is already bound to do cannot be a consideration, for if a person gets nothing in return for his promise but that to which he is already legally entitled, the consideration is unreal": Quarture v. Allegheny County, 141 Pa. Superior Ct. 356, 363. The difficulty here arises in applying this law to the present state of facts. The two clauses of the written contract which give rise to this controversy read as follows:

(1) "Bazaar has the full right to *publicize* the weeks stay in the Fallout Shelter in any and all media of communication as it sees fit, including photographs of the family and stories of their stay."

(2) "Said family agrees to communicate and respond to inquiries posed to them by the general public during the hours of 9:00 A. M. and 9:00 P. M. each day."

It is readily apparent that the core of this problem is the use of the word "publicize" in paragraph one above. We feel that this paragraph gave to defendants the right to give publicity to the events taking place on its premises, that is, to make known to the public what

was taking place there with respect to the fallout shelter experiment. Defendants ask us to go further and to interpret this paragraph to mean that plaintiffs are required to give radio and television interviews.

It cannot be denied that the giving of radio and television interviews would be a means of publicizing this event, but as we have already stated, paragraph one gives defendants only the right to publicize and impose upon plaintiffs a duty of more or less passive cooperation. It does not impose upon plaintiffs the duty of taking an active part in the publicizing. To read this requirement into the paragraph would be stretching the meaning beyond that contemplated by the parties.

Also, we do not feel that the sentence quoted in paragraph two above of the written contract which states, "said family agrees to communicate and respond to inquiries posed to them by the general public during the hours of 9:00 A. M. and 9:00 P. M. each day," could be by any stretch of the imagination construed to include granting of radio and television interviews.

We are therefore of the opinion that under the terms of the written contract plaintiffs were not required to give radio and television interviews. Therefore, the subsequent alleged oral promise to give radio and television interviews would be sufficient consideration to support the alleged oral contract.

Defendants allege as a second ground for their demurrer to the amended complaint that it fails to allege a valid cause of action against defendant, Mark M. Targe, for the reason that the amended complaint avers that defendant, Mark M. Targe, acted as agent for and on behalf of a disclosed principal. Although it is true that a person acting as an authorized agent for a disclosed principal, within the scope of his authority, is not liable for a breach of contract, the pleading here is in the alternative and in the first count Targe is sued as an individual. If the evidence at trial indicates that

he was authorized and acting within the scope of his employment, then he would not be liable; but if the evidence should indicate that he was not authorized or that he was not acting within the scope of his authority, then he can be held individually liable. We are not in a position to rule upon this question at this stage of the proceedings.

We therefore make the following

### Order

And now, to wit, June 18, 1964, the preliminary objections to the amended complaint are dismissed; defendants are given 20 days in which to answer.